IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES LEE MCCLAIN,

    Petitioner,

v.                                                                                   No. 1:19-cv-01157-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER CONSTRUING PLEADING AS A § 2254 PETITION,
DISMISSING PETITION WITHOUT PREJUDICE,
DENYING MOTIONS AS MOOT,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On July 31, 2019, Petitioner, James Lee McClain, filed a *pro se* habeas corpus petition (the "Petition"), on a pleading form used for cases brought pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) He subsequently filed a motion for appointment of counsel, (D.E. 3), and a motion styled "Motion for Issuance of Writ Without Application Pursuant to T.C.A. 29-21-104," (D.E. 5). For the following reasons, the Petition is DISMISSED without prejudice, and the motions are DENIED as moot.

The inmate challenges a judgment of conviction entered in June 2019 in the Circuit Court of Madison County, Tennessee. (D.E. 1 at PageID 1.) The Petition is therefore in the nature of a pleading brought pursuant to 28 U.S.C. § 2254, and the Court liberally construes it as such.[1] *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus

---

[1] It appears that Petitioner simply used the incorrect form, as there are no judgments of conviction against Petitioner in this federal district. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

1

in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Under these circumstances, the Court would normally require the inmate to refile the Petition on the Court's § 2254 form. However, it is apparent that McClain has not exhausted his state court remedies, as required by statute. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Specifically, he admits that his direct appeal from his judgment of conviction is "still pending." (D.E. 1 at PageID 2.) That fact is confirmed by the Tennessee Appellate Court Case Search website.[2] Because the claims presented in the Petition have not been exhausted, dismissal of the Petition is warranted. *See Rose v. Lundy*, 455 U.S. 509, 518–22 (1982).

The Petition is therefore DISMISSED without prejudice. The pending motions are DENIED as moot.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)

---

[2] *See* Tennessee State Courts Appellate Case Search Website (last accessed Oct. 17, 2019), https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=76907&Party=True.

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 17th day of October 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.